UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA DICKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDY MACMILLAN, et al.,<br><br>    Defendants. | Case No. 23-cv-01320-AMO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 16, 25 |

In this putative securities class action, Plaintiff Brenna Dickerson filed a motion to be appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). ECF No. 16. Dickerson also seeks appointment of her counsel, Monteverde & Associates PC ("Monteverde"), as lead counsel for the putative class. *Id.* The motion is unopposed. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to be appointed as lead plaintiff and **GRANTS** Plaintiff's motion to appoint Monteverde as interim lead counsel.

**I.      APPOINTMENT OF LEAD PLAINTIFF**

The Ninth Circuit has established a three-step process for determining appointment of lead plaintiff in private securities actions arising under the PSLRA. 15 U.S.C. § 78u-4(a)(1); *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir. 2002); *see Mulligan v. Impax Labs, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013). First, the plaintiff must satisfy the PSLRA's notice requirement. Within twenty days of filing the complaint, the plaintiff must publish a notice in a widely circulated national business-oriented publication advising members of the putative class of the pending action. 15 U.S.C. § 78u-4(3)(A)(i). The publication must also notify the putative class that any member has sixty days from the publication of such notice to

move the Court to serve as lead plaintiff. *Id.* Second, the Court must determine the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(3)(B)(i). There is a rebuttable presumption that the "most adequate plaintiff" is the person who (1) filed the complaint or made a motion in response to the notice; (2) has the largest financial interest; and (3) otherwise satisfies Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Cavanaugh*, 306 F.3d at 729–30 (describing the PSLRA process for appointing lead plaintiff). Third, putative class members may rebut the presumption that the most adequate plaintiff will satisfy the typicality and adequacy requirements of Rule 23(a). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court examines Dickerson's compliance with these steps. After filing her complaint on March 21, 2023, Dickerson published the required PSLRA notice by *PR Newswire* on March 23, 2023, announcing the litigation and advising class members that they could move for appointment as lead plaintiff within 60 days. ECF No. 16 at 6–7. On May 22, 2023, Dickerson filed the instant motion. *Id*. Thus, Dickerson has fulfilled the first requirement. 15 U.S.C. § 78u-4(3)(A)(i); *see Mulligan*, 2013 WL 3354420, at *3.

Next, the Court considers whether Dickerson is the most capable of adequately representing the interests of the class members. 15 U.S.C. § 78u-4(3)(B)(i)-(iii). In addition to filing the complaint, Dickerson has alleged—and it is uncontested—that she has the largest financial interest in the litigation. ECF No. 16 at 7; *see* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). While the Ninth Circuit "has not provided clear guidance on what metrics district courts should use" in determining which potential plaintiff has the greatest financial interest in the litigation, *Mulligan*, 2013 WL 3354420, at *4, district courts frequently consider four factors, including the number of shares purchased, and the approximate losses suffered, during the class period. *Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 WL 3861454, at *4 (N.D. Cal. Aug. 30, 2021). Dickerson alleges that she owned 100 shares of UserTesting common stock prior to the announcement of its acquisition, which she was forced to exchange at less than fair value. ECF No. 16 at 7. As no other putative class member has claimed a greater financial interest, Dickerson has established that she has the largest financial interest in the litigation. *See id.*; *In re Extreme Networks Inc. Sec.*

*Litig.*, No. 15-CV-04883-BLF, 2016 WL 3519283, at *3 (N.D. Cal. June 28, 2016).

Finally, in determining whether Dickerson is the most adequate plaintiff, the Court must also examine whether Dickerson satisfies the Rule 23 typicality and adequacy requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Xu*, 2021 WL 3861454, at *7. The typicality requirement considers whether other class members have "the same or similar injury . . . based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Melucci v. Corcept Therapeutics Inc.*, No. 19-CV-01372-LHK, 2019 WL 4933611, at *4 (N.D. Cal. Oct. 7, 2019). The adequacy requirement ensures that the plaintiff will "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and ensures that plaintiff and counsel do not have any conflicts of interest with other class members and will "prosecute the action vigorously." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citation omitted). Dickerson alleges that she suffered "the identical harm of being cashed out of her ownership of UserTesting common stock for the unfair acquisition consideration due to the same materially false and misleading statements in the Proxy." ECF No. 16 at 9. She alleges that she is not subject to any unique defenses and there is no evidence of any conflict of interest between her interests and those of other prospective class members. *Id.* Further, as detailed below, she has satisfactorily alleged that counsel will pursue the action vigorously. *Id.*

No class members have rebutted the presumption that Dickerson will adequately represent the class. *See Mulligan*, 2013 WL 3354420 at *9.

Because Dickerson has met the statutory requirements for appointment as lead plaintiff, the Court **GRANTS** Dickerson's uncontested motion for appointment as lead plaintiff under 15 U.S.C. § 78u-4(a)(3).

**II.     APPOINTMENT OF LEAD COUNSEL**

The PSLRA "expressly provides that lead plaintiff has the power to select lead counsel." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 709 (9th Cir. 2009); 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court "generally defer[s]" to lead plaintiff's reasonable choice of counsel. *Id.* at 712. Federal Rule of Civil Procedure 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action

3

as a class action." Fed. R. Civ. P. 23(g)(3).[1]  Courts typically weigh the factors outlined in Rule 23(g)(1)(A): "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *see Olosoni v. HRB Tax Group, Inc.*, No. 19-cv-03610-SK, 2019 WL 7576680 at *5 (N.D. Cal. Nov. 05, 2019); *Levitte v. Google, Inc.*, No. C 08-03369 JW, 2009 WL 482252, at *2 (N.D. Cal. Feb. 25, 2009).  The Court may further consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Dickerson has selected Monteverde to be lead counsel for the class and has established that Monteverde satisfies the Rule 23(g) factors. ECF No. 16 at 9–10; Supplemental Declaration (ECF No. 25) ¶¶ 2–5.  Monteverde has investigated the potential claims, including the parties involved, the allegedly false or misleading statements surrounding the company acquisition, and the relevant class period. *See* Complaint (ECF No. 1) ¶¶ 1–39.  Monteverde has established its extensive experience litigating securities class actions, as well as its knowledge of the applicable law. Monteverde specializes in securities class actions, has been recognized as a Top 50 securities class action firm, and has litigated complex securities class actions in this district and other districts across the United States. ECF No. 16 at 9–10; Supp. Decl. ¶¶ 2–4.  Finally, Monteverde represents that it committed resources to adequately investigating the claims prior to commencing this action and will continue to do so throughout the pendency of the case. Supp. Decl. ¶¶ 3–5.

///
///
///
///
///

---

[1] Dickerson seeks appointment of Monteverde as lead counsel. ECF No. 16 at 9.  Because the Court has not yet determined whether to certify a class, the Court limits the appointment of Monteverde at this time to interim class counsel. *See* Fed. R. Civ. P. 23(g)(3).

Accordingly, this Court **GRANTS** Dickerson's motion for Monteverde to serve as interim class counsel.

**IT IS SO ORDERED.**

Dated: June 23, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**