DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
JUSTIN A. STACY (CSB No. 339376)
jstacy@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:     415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

Attorneys for Defendants
ANDY MACMILLAN and USERTESTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA DICKERSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDY MACMILLAN and USERTESTING, INC.,<br><br>Defendants. | Case No.: 3:23-cv-01320-AMO<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:          December 19, 2024<br>Time:         2:00 p.m.<br>Courtroom: 10, 19th Floor<br>Judge:        Hon. Araceli Martínez-Olguín<br>Trial Date: None set |

The motion of defendants Andy MacMillan and UserTesting, Inc. (collectively "defendants") to dismiss plaintiff's Second Amended Class Action Complaint (the "SAC") came regularly for hearing before the Court on December 19, 2024. The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the argument of counsel, the Court finds that plaintiff has not satisfied the requirements of Fed. R. Civ. P. 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1996 ("PSLRA") and has not alleged facts sufficient to state a claim for violation of Sections 14(a) or 20(a) of the Securities Exchange Act of 1934. The Court holds that:

1. The forward-looking statements challenged in the SAC are not actionable because they are protected by the PSLRA's safe harbor for forward-looking statements;

2. Plaintiff fails to allege with particularity that any challenged statements in the proxy were false, misleading, or otherwise actionable;

3. Plaintiff fails to plead particularized facts demonstrating the requisite culpability or state of mind on the part of any defendant, regardless of whether the claim sounds in fraud or negligence; and

4. Plaintiff fails to allege loss causation with particularity as to any of the challenged statements;

5. Plaintiff fails to state a claim for control person liability under Section 20(a).

While leave to amend is liberally granted, this is not a case where such defects appear capable of being cured by more pleading, particularly since plaintiff has already amended her complaint and obtained documents pursuant to an inspection demand under 8 *Del. C.* § 220 prior to filing suit. Thus, it is HEREBY ORDERED that defendants' motion to dismiss is GRANTED, and the SAC is DISMISSED WITH PREJUDICE.

Dated: _____, 2024   _____
Honorable Araceli Martínez-Olguín