DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
JUSTIN A. STACY (CSB No. 339376)
jstacy@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:   415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

Attorneys for Defendants
ANDY MACMILLAN and USERTESTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA DICKERSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDY MACMILLAN and USERTESTING, INC.,<br><br>Defendants. | Case No.: 3:23-cv-01320-AMO<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:        December 19, 2024<br>Time:       2:00 p.m.<br>Courtroom: 10, 19th Floor<br>Judge:      Hon. Araceli Martínez-Olguín<br>Trial Date: None set |

       Defendants Andy MacMillan and UserTesting, Inc. ("UserTesting" or the "Company") (collectively "defendants") hereby request that the Court consider the following documents, attached as Exhibits 1 through 9 to the Declaration of Felix S. Lee ("Lee Declaration"), in connection with their concurrently filed Motion to Dismiss the Second Amended Class Action Complaint.[1]  As explained below, the Court may consider these exhibits either as a matter of judicial notice under Fed. R. Civ. P. 201,[2] the incorporation by reference doctrine, or in certain instances both.

       1.      Excerpts of UserTesting's Definitive Proxy Statement ("Proxy"), filed with the Securities Exchange Commission ("SEC") on December 6, 2022, and UserTesting's Supplemental Proxy Statement ("Supplemental Proxy"), filed with the SEC on December 28, 2022, which are attached as **Exhibits 1** and **2** to the Lee Declaration, respectively.  The Proxy contains statements that are alleged to violate Section 14(a) of the Securities Exchange Act of 1934 and therefore is the very subject of plaintiff's claim (*see, e.g.*, ¶¶ 3-8, 74, 76), and the Supplemental Proxy amends that document, and both are quoted throughout the SAC.

       2.      UserTesting's quarterly and full year earnings release on February 28, 2022, filed with the SEC on that same date as an exhibit to Form 8-K, which is attached as **Exhibit 3** to the Lee Declaration.

       3.      UserTesting's quarterly earnings release on May 4, 2022, filed with the SEC on that same date as an exhibit to Form 8-K, which is attached as **Exhibit 4** to the Lee Declaration.  Plaintiff specifically refers to Exhibit 4 at ¶ 39.

       4.      UserTesting's quarterly earnings release on August 4, 2022, filed with the SEC on that same date as an exhibit to Form 8-K, which is attached as **Exhibit 5** to the Lee Declaration.  Plaintiff specifically refers to Exhibit 5 at ¶ 41.  Moreover, the quarterly results and guidance contained in this exhibit are incorporated by reference in ¶¶ 42-45.

---

[1] Citations to "¶" are to the paragraphs of the Second Amended Class Action Complaint ("SAC").

[2] Fed. R. Evid. 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

5. UserTesting's quarterly earnings release on October 27, 2022, filed with the SEC on that same date as an exhibit to Form 8-K, which is attached as **Exhibit 6** to the Lee Declaration. Plaintiff specifically refers to Exhibit 6 at ¶¶ 72, 85-87. Moreover, the quarterly results, guidance, and merger announcement contained in this exhibit are incorporated by reference in ¶¶ 74-76, 83.

6. Reports and presentations shared with UserTesting's Board of Directors attached as **Exhibits 7, 8,** and **9** to the Lee Declaration. Plaintiff refers to or quotes from Exhibits 7, 8, and 9 at ¶¶ 50-51, 53, 57-59, 63-65, 75-83, 85-86, 105. Moreover, plaintiff relies on these documents to allege that certain statements made in the Proxy were false or misleading, and thus bases her claim in part on these documents. *See, e.g.*, ¶¶ 4-8, 74-83.

### A. As Before, the Court Should Deem Materials Quoted, Referenced, And Relied Upon In The Second Amended Complaint Incorporated By Reference

As the Court previously determined in its Order granting defendants' motion to dismiss (Dkt. No. 62) (the "Order"), because plaintiff refers to, relies on, quotes, and expressly bases her claims on portions of **Exhibits 1, 2** and **4-9**, the Court may consider such documents on a motion to dismiss under the incorporation by reference doctrine. *See* Order at 9-10; *see also, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) ("[A] court may consider . . . documents incorporated by reference in the complaint"); *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding that incorporation by reference is appropriate "if the plaintiff refers extensively to the document *or the document forms the basis of the plaintiff's claim*") (emphasis added).

The Court may consider the full contents of documents incorporated by reference, even if a complaint only relies on certain portions. *See Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (doctrine of incorporation by reference prevents plaintiff from omitting portions of "documents that weaken—or doom—their claims" in favor of only those that support them). As such, because **Exhibits 1, 2, 4, 5,** and **6** are SEC filings extensively quoted or discussed in the SAC, and are thus expressly incorporated by reference, the Court may consider them as part of the SAC. *See, e.g.*, ¶¶ 3-8, 39, 41, 74; *see Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043

1  (N.D. Cal. 2019) (quoted press release incorporated by reference), *aff'd*, 847 F. App'x 368 (9th Cir.
2  2021); *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015)
3  ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object
4  to Defendants' decision to provide the Court with the complete transcript."); *In re Bare Escentuals,*
5  *Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (where plaintiff "references and relies
6  on a particular document as part of the . . . complaint," the court is "justified in looking outside the
7  four corners of the complaint, to the document itself if offered.").

8  Likewise, **Exhibits 7-9** are confidential Company documents that are quoted extensively in
9  the SAC and form part of the bases of plaintiff's claims, and hence the Court may consider them in
10 their entirety. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("In evaluating the
11 context in which [a] statement appeared, [courts] must take into account 'all parts of the
12 communication that are ordinarily heard or read with it.'") (citation omitted).

13 **B.   The Court May Take Judicial Notice Of SEC Filings**

14 The Court may also take judicial notice of public documents whose authenticity cannot be
15 questioned. Fed. R. Evid. 201(b); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4
16 (9th Cir. 1996); Order at 9 ("Courts take judicial notice of . . . publicly available financial
17 documents such as SEC filings . . ..") (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540
18 F.3d 1049, 1064 n.7 (9th Cir. 2008). **Exhibits 1-6** are all materials filed with the SEC routinely
19 take judicial notice of such documents (especially when deciding a motion to dismiss in cases
20 under the federal securities laws). *See, e.g.*, Order at 9-10; *Khoja*, 899 F.3d at 1003 (publicly
21 disclosed reports may be properly subject to judicial notice); *Kahnert v. Kotick*, 2023 WL
22 2628609, at *2 (C.D. Cal. Jan. 17, 2023) ("Courts routinely find SEC filings, as well as press
23 releases, earnings calls, and other information made available to the market to be matters of public
24 record, regardless of whether it was referenced in the complaint."); *Kim v. Allakos Inc.*, 2022 WL
25 976974, at *3 (N.D. Cal. Mar. 31, 2022) (taking judicial notice of SEC filings, investor call
26 transcripts, and news articles); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D.
27 Cal. Aug. 25, 2021) (taking judicial notice of SEC filing available during the relevant timeframe);
28 *City of Pontiac Police & Fire Ret. Sys. v. Caldwell*, 2021 WL 2711750, at *3 (N.D. Cal. July 1,

2021) (SEC filings and public AMD documents are proper subjects of judicial notice); *Golub*, 372 F. Supp. 3d at 1043 (judicial notice of SEC filings is proper); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statement not referenced in pleadings where relevant to evaluating scienter); *Juniper*, 880 F. Supp. 2d at 1060 (taking judicial notice of SEC Form 4s not directly referenced in complaint where scienter claims relied on stock sales).

### C.  Cautionary Statements Relevant To The Safe Harbor

The Court may consider **Exhibits 1** and **2** for the independent reason that the PSLRA safe harbor for forward-looking statements is at issue, and the Court must consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant." 15 U.S.C. § 78u-5(e); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004).

Dated:  November 7, 2024         FENWICK & WEST LLP

                                 By: */s/ Felix S. Lee*
                                     Felix S. Lee

                                     Attorneys for Defendants
                                     Andy MacMillan and UserTesting, Inc.