UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA DICKERSON,<br><br>            Plaintiff,<br><br>      v.<br><br>ANDY MACMILLAN, et al.,<br><br>            Defendants. | Case No. 23-cv-01320-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS AND GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 63, 68, 70, 71, 76 |

Before the Court is Defendants' motion to dismiss the second amended complaint. ECF 71. Because the Court determined the motion was suitable for decision without oral argument, it vacated the May 8, 2025 hearing. *See* Civ. L.R. 7-6. This Order assumes familiarity with the facts and procedural history of this case, including the Court's Order dismissing the first amended complaint, ECF 60. Having read the papers submitted by the parties and carefully considered the arguments therein, as well as the relevant legal authority, the Court hereby **GRANTS** the motion for the following reasons. Also before the Court are four administrative motions to seal, ECF 63, 68, 70, 76, which the Court **GRANTS** for the reasons stated below.

**I.   DISCUSSION**

The Court first addresses the pending motions to seal before turning to Defendants' request for judicial notice, and then to the motion to dismiss.

   **A. Administrative Motions to Seal**

There are four pending administrative motions to seal portions of the second amended class action complaint ("SAC"), the motion to dismiss, the opposition to the motion to dismiss, and related exhibits and documents. ECF 63, 68, 70, 76. Defendants move to seal the information included in the following chart:

| Document title or description | Dkt. No. of redacted version | Dkt. No. of un-redacted version | Dkt. No. of decl. ISO sealing | Party with burden to substantiate need to seal | Full or partial sealing sought | Brief statement of reason for sealing | Granted/ Denied |
|---|---|---|---|---|---|---|---|
| SAC | 64-3 | 65-1 | 64-1 | Defendants | Partial | Sensitive and confidential financial and business information; *see* Dkt. No. 64-1 at ¶¶ 5, 6, 8. | Granted |
| Plaintiff's Appendix to SAC | 67 | 68-1 | -- | Defendants | Partial | -- | Withdrawn by the parties |
| Motion to Dismiss SAC | 71 | 70-3 | 70-1 | Defendants | Partial | Sensitive and confidential financial and business information; *see* Dkt. No. 70-1 at ¶ 3. | Granted |
| Exhibit 7 to the Lee Decl. in Support of Motion to Dismiss SAC | 71-11 | 70-4 | 70-1 | Defendants | Full | Sensitive and confidential financial and business information; *see* Dkt. No. 70-1 at ¶ 3. | Granted |
| Exhibit 8 to the Lee Decl. in Support of Motion to Dismiss SAC | 71-12 | 70-5 | 70-1 | Defendants | Full | Sensitive and confidential financial and business information; *see* Dkt. No. 70-1 at ¶ 3. | Granted |
| Exhibit 9 to the Lee Decl. in Support of Motion to Dismiss SAC | 71-13 | 70-6 | 70-1 | Defendants | Full | Sensitive and confidential financial and business information; *see* Dkt. No. 70-1 at ¶ 3. | Granted |
| Opposition to Motion to Dismiss SAC | 79 | 76-1 | 77-1 | Defendants | Partial | Sensitive and confidential financial and business information; *see* Dkt. No. 1 at ¶¶ 2-3. | Granted |

1    A party seeking to file a document or portions of it under seal must explain "(i) the
2    legitimate private or public interests that warrant sealing; (ii) the injury that will result if the
3    sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R.
4    79-5(c)(1).  To overcome the "strong presumption in favor of access," the party seeking to seal
5    judicial records must "articulate compelling reasons supported by specific factual findings . . . that
6    outweigh the general history of access and the public policies favoring disclosure, such as the
7    public interest in understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447
8    F.3d 1172, 1178-79 (9th Cir. 2006) (citations and quotation marks omitted).  It is in the "sound
9    discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a
10   court document. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (quoting *Nixon
11   v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).  The protection of sensitive business
12   information is a compelling reason to seal.  *Id.*

13   Defendants argue the SAC and briefing and exhibits on the motion to dismiss contain
14   sensitive financial and business information based on non-public Board materials.  ECF 64-1 ¶¶ 5-
15   7; ECF 70 at 3-4; ECF 77 at 3-5.  Having considered Defendants' motion and supporting
16   declarations and applying the relevant standard, the Court finds compelling reasons to seal the
17   documents, and citations thereto, listed above.  To the extent the SAC, Defendants' Motion to
18   Dismiss, and Plaintiff's Opposition include direct quotations from or references to substantive
19   provisions of documents containing proprietary business information, the Court **GRANTS** the
20   motions to partially seal the documents proposed in the redacted versions filed.  The exhibits
21   attached in support of the Motion to Dismiss also contain sensitive, competitive business
22   information that the parties have agreed would remain confidential.  For these reasons, the Court
23   **GRANTS** the motions to file these exhibits fully under seal.

24   **B.  Judicial Notice**

25   Defendants seek judicial notice of nine exhibits: excerpts of UserTesting's Proxy and
26   Supplemental Proxy Statement (Exs. 1 and 2); UserTesting's quarterly and full year earnings
27   release on February 28, 2022 (Ex. 3), quarterly earnings release on May 4, 2022 (Ex. 4), on
28   August 4, 2022 (Ex. 5), and on October 27, 2022 (Ex. 6), filed with the SEC on the respective

1  dates; and reports and presentations shared with UserTesting's Board of Directors and referred to
2  by Plaintiffs in the FAC (Exs. 7, 8, and 9).  ECF 71-3.  These are the same exhibits for which
3  Defendants previously sought judicial notice, *see* ECF 42-12, which the Court granted, ECF 60 at
4  9-10.  Courts may take judicial notice of facts that are "not subject to reasonable dispute," Fed. R.
5  Evid. 201(b), including documents on which complaints necessarily rely, *see, e.g.*, *Lee v. City of*
6  *Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), publicly available financial documents such as
7  SEC filings, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir.
8  2008), and publicly available articles or other news releases of which the market was aware,
9  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 981 n.18 (9th Cir. 1999).  As before, Dickerson
10 does not object to Defendants' request, but argues that specific factual assertions within the
11 documents should not be accepted as true when they conflict with the SAC, Opp. (ECF 76-1) at
12 12, because courts may not assume the truth of a document outside the complaint "if such
13 assumptions only serve to dispute facts in a well-pleaded complaint."  *Khoja v. Orexigen*
14 *Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).  Thus, the Court again takes judicial notice
15 of the documents but does not assume the truth of any disputed facts.
16     **C. Motion to Dismiss**
17     Defendants Andy MacMillan and UserTesting, Inc. (collectively, "Defendants") move to
18 dismiss Plaintiff Brenna Dickerson's SAC for failure to state a claim under Federal Rules of Civil
19 Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").
20     Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain
21 statement of the claim showing that the pleader is entitled to relief."  A defendant may move to
22 dismiss a complaint for failing to state a claim upon which relief can be granted under Rule
23 12(b)(6).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim
24 to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), i.e.,
25 "factual content that allows the court to draw the reasonable inference that the defendant is liable
26 for the misconduct alleged," *Ashcroft v. Iqbal*, 557 U.S. 662, 678 (2009).  In reviewing the
27 plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe
28 the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire &*

4

1    *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, courts do not "accept as true
2    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
3    inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In securities fraud cases, complaints must satisfy both the pleading requirements of Rule 9(b) and the PSLRA.  *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012).  Pursuant to Rule 9(b), claims alleging fraud must "state with particularity the circumstances constituting fraud . . . ."  The PSLRA mandates that "the complaint shall specify each statement alleged to have been misleading, [and] the reason[] why the statement is misleading . . . ."  15 U.S.C. § 78u-4(b)(1)(B).  The PSLRA further requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007) (quoting 15 U.S.C. § 78u-4(b)(2)).  This means a plaintiff must allege that "the defendant[] made false or misleading statements either intentionally or with deliberate recklessness."  *In re VeriFone Holdings*, 704 F.3d at 701 (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009)).

Defendants move to dismiss the SAC, arguing Dickerson has failed to state a claim under Sections 14(a) and 20(a) of the Securities and Exchange Act.  Because the Section 20(a) claim depends on survival of the Section 14(a) claim, the Court examines the Section 14(a) claim first.

**1. Section 14(a) Claim**

Defendants move to dismiss Dickerson's Section 14(a) claim.  Section 14(a) of the Securities and Exchange Act and Securities and Exchange Commission Rule 14a-9 prohibit "the solicitation of a proxy by a statement that contains either (1) a false or misleading declaration of material fact, or (2) an omission of material fact that makes any portion of the statement misleading." *Desaigoudar v. Meyercord*, 223 F.3d 1030, 1022 (9th Cir. 2000); *see also* 15 U.S.C. § 78n(a); 17 C.F.R. § 240.14a-9(a).  To state a claim under Section 14(a), a plaintiff must show that "the misstatement or omission was made with the requisite level of culpability and that it was an essential link in the accomplishment of the proposed transaction." *Seinfeld v. Bartz*, 322 F.3d 693, 697 (9th Cir. 2003) (quoting *Desaigoudar*, 223 F.3d at 1022).  Dickerson bring claims premised on two statements, which the Court discusses in the order they are addressed in

1  Defendants' motion.

### a. Statement Two

Dickerson argues the following statement in the Proxy violates Section 14(a):

[The October Financial Forecast] that reflected the potential impact of our financial results for the third quarter ended September 30, 2022 on future periods [*sic*], and which reflected reduced levels of revenue, gross margin, EBITDA [earnings before interest, taxes, depreciation, and amortization] and unlevered free cash flow as compared to the September Financial Forecast as a result of our revenue and billing results for the third quarter and estimates for the fourth quarter and trends in our end markets that we observed subsequent to our preparation of the September 21 forecast.

SAC ¶ 6 ("Statement Two"). The Court previously found this statement was protected by the PSLRA's safe harbor and consequently dismissed the claim based on it.[1] Order (ECF 60) at 12. Dickerson's amendment of the complaint does not warrant a different outcome.

The PSLRA's safe harbor rule protects from liability individuals who make a false or misleading statement where the statement is forward-looking and is "accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially," is "immaterial," or is not shown to have been made by a natural person with "actual knowledge . . . that the statement was false or misleading." 15 U.S.C. § 78u-5(c); *see Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 620 (9th Cir. 2022). Statement Two is forward-looking because it describes the October Forecast and its underlying assumptions. *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1192 (9th Cir. 2021) (statements about "the assumptions underlying or relating" to a declared objective are forward-looking statements) (quoting 15 U.S.C. § 78u-5(i)(1)(D)). Dickerson argues she does not challenge "any forward-looking aspect" of Statement Two, but rather the "aspect of the statement that contains an express or implied concrete assertion concerning a specific current or past fact." SAC ¶ 3 n.2. Specifically, Dickerson argues the "current or past fact" of UserTesting's actual Q3 results did not "support[] the reduced revenue numbers reflected in the October Financial Forecast." *Id.* However, because Statement Two describes " 'assumptions' about future events on which [the October Forecast] goal [was] based,

---

[1] In addition, the Court found the five other statements were protected under the PSLRA safe harbor. The claims based on six of the eight statements were dismissed for this reason.

6

*Wochos*, 985 F.3d at 1192, it is forward-looking, even if there is a component that is non-forward-looking. Indeed, it is difficult to imagine a forward-looking statement that predicts or forecasts without in some way being anchored in a "current or past fact."

Dickerson's argument that Statement Two is not a forward-looking statement is her only argument that the statement is not protected by the PSLRA's safe harbor. She does not contest that it is accompanied by meaningfully cautionary statements, as the Court previously concluded.[2] Dickerson also does not argue the statements were made with knowledge of falsity. Opp. at 76-1 ("[I]f the Court . . . continues to find that Statement No. 2 is exclusively forward-looking, then it may dismiss Plaintiff's claim predicated on Statement No. 2, as Plaintiff solely contends that it is a non-forward-looking false or misleading statement that was included in the Proxy as a result of MacMillan's negligence, not his actual knowledge that the Proxy contained false statements."). The Court thus **DISMISSES** the Section 14(a) claim based on Statement Two.[3]

### a. Statement One

The other statement upon which Dickerson bases her claim is the statement that the Company's "anticipated [third quarter 2022 financial results] included revenue and calculated billings . . . that were lower than those anticipated by Wall Street analysts, Thoma Bravo and the September Financial Forecast" ("Statement One"). SAC ¶ 4. The Court previously found Statement One was false or misleading, but dismissed the claim based on that statement because Dickerson had not sufficiently pleaded the required state of mind. Order at 20.

---

[2] As the Court noted in its previous Order, Statement Two is accompanied by "meaningful cautionary statements," or statements that "identify[] important factors that could cause actual results to differ materially from those in the forward-looking statement," Order at 11 (citing 15 U.S.C. § 78u-5(c)), as the language in the Proxy identified the financial projections therein as forward-looking, and specifically cautioned shareholders about the uncertainty of the projections. For example, the Proxy notes that the projections "constitute[d] forward-looking information and are subject to many risks and uncertainties that could cause actual results to differ materially from the results forecasted," that they "reflect[ed] assumptions as to certain business decisions that are subject to change and cannot, therefore, be considered a guarantee of future operating results," among other related statements. Proxy at 52.

[3] The parties dispute whether Dickerson has sufficiently alleged falsity as to Statement Two, *see* Opp. at 11-12; Reply (ECF 78) at 13, but because the statement is inactionable as a forward-looking statement, the Court need not resolve the issue to determine dismissal is proper.

Section 14(a) claims require a showing of negligence. *See In re Finjan Holdings, Inc.*, 58 F.4th at 1058. The Court previously found Plaintiff had failed to plead particularized facts "giving rise to a strong inference that [each] defendant acted with the required state of mind," Order at 20 (citing 15 U.S.C. § 78u-4(b)(2)), and thus concluded Dickerson had not shown the requisite mental state to adequately plead a Section 14(a) claim. Defendants argue the SAC again suffers from the same deficiency. Dickerson must "make individualized allegations of negligence," which requires alleging for each Defendant "the duty that they owed to the Plaintiff and how that duty was breached." *Mehedi v. View, Inc.*, 2023 WL 3592098, at *14 (N.D. Cal. May 22, 2023). "[C]onclusory averments" of negligence, such that "Defendants failed to review certain materials, or were neglecting their responsibilities, or designed and oversaw a flawed review process," are insufficient. *In re Ocera Therapeutics, Inc. Secs. Litig.*, 2018 WL 7019481, at *10 (N.D. Cal. Oct. 16, 2018), *aff'd* 806 F. App'x 603 (9th Cir. 2020).

Despite Dickerson's contentions otherwise, her allegations of negligence must satisfy Rule 9(b)'s heightened pleading standard. The Court previously held that Dickerson must meet the Rule 9(b) standard, as her theory – that UserTesting management decided to downwardly revise its projections to secure shareholder approval of Thoma Bravo's offer – sounds in fraud. Order at 10-11. This is because Rule 9(b) applies "where a claim is 'grounded in' . . . or 'sound[s] in fraud,'" even if "fraud is not an essential element of the cause of action." *In re Finjan*, 58 F.4th at 1057. Indeed, "the pleading requirements of Rule 9(b) cannot be evaded simply by avoiding the use of that magic word." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1108 (9th Cir. 2003). Dickerson argues that she has abandoned the allegations in the first amended complaint asserting that UserTesting management's financial projections were known to be false and were made to convince shareholders to accept the merger, and as a consequence, the SAC does not sound in fraud. She argues that the actionable false statements in the SAC are instead predicated on Defendant MacMillan's negligence (i.e., that he should have known the Proxy contained false statements and should have corrected them). But this argument is belied by taking the SAC as a whole, which asserts, for example, that shareholders would not have approved the transaction if they had not been "misled" by Defendants, SAC ¶ 108, that the Proxy "deceived stockholders

8

1  regarding the Company's fair value," SAC ¶ 107, and that MacMillan had "personal knowledge"
2  of the financial results for the third quarter of 2022 but "fail[ed] to correct" the Proxy's alleged
3  misstatements. SAC ¶¶ 9, 13. Abandoning certain allegations from the first amended complaint is
4  insufficient to change the character of the SAC and the theory it advances, i.e., that the Proxy
5  contained false or misleading information in order to effectuate the merger.

Having determined the Rule 9(b) standard applies, the Court finds the SAC does not meet it. Dickerson argues Defendants were negligent because MacMillan had the duty "to carefully read and review the Proxy before signing it, and ensure that it fully and accurately disclosed all material facts relevant to the voting decision of Company shareholders." SAC ¶¶ 9, 12, 97. Dickerson alleges that MacMillan "should have known" that the statements in the Proxy were false or misleading due to his role as CEO and his participation in and awareness of the Company's performance, as well as his access to copies of the Proxy and other statements. SAC ¶¶ 121-122. Theories of negligence based on a Defendants' position or access within a company are routinely rejected, *see, e.g.*, *Wasicek*, 2024 WL 3708033, at *19; *Mehedi v. View, Inc.*, 2024 WL 3236706, at *15 (N.D. Cal. June 28, 2024), and, without more, are the type of "conclusory averments" that fall short of the Rule 9(b) pleading requirements, *In re Ocera Therapeutics, Inc. Secs. Litig.*, 2018 WL 7019481, at *10. Dickerson does not point to any allegations in the SAC that constitute more than generalized assertions that MacMillan was negligent because of his role as the company's CEO. As such, the Court finds Dickerson has again failed to show the required mental state, and need not reach the final requirement – loss causation – in order to determine that the Section 14(a) claim predicated on Statement One must be **DISMISSED**.

### 2. Section 20(a) Claim

Defendants also move to dismiss Dickerson's Section 20(a) claim. To state a Section 20(a) claim, a plaintiff must allege both "a primary violation of federal securities law" and "that the defendant exercised actual power or control over the primary violator." *Dearborn Heights Act 345 Police & Fire Ret. Sys. V. Align Tech., Inc.*, 856 F.3d 605, 623 (quoting *Zucco Partners*, 552 F.3d at 990) (internal quotation marks omitted); 15 U.S.C. § 78t(a); *see In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014) (requiring "a primary violation of underlying federal

securities laws" to establish a cause of action under Section 20(a)).  Because Dickerson has failed to allege a Section 14(a) claim, the Section 20(a) claim also fails.  Accordingly, the Court **DISMISSES** the Section 20(a) claim.

## II.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the pending administrative motions to seal, ECF 63, 68, 70, 76, and **GRANTS** Defendants' motion to dismiss the SAC.  Dickerson has had an opportunity to cure the defects of the first amended complaint but failed to do so.  She asks that if the Court grant Defendants' motion, it grant her leave to amend.  However, she provides no reason why amendment would not be futile, nor does she indicate what additional facts she could aver.  Thus, dismissal of the SAC is with prejudice.

**IT IS SO ORDERED.**

Dated: May 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**